López Vilanova, Juez Ponente
*1073 TEXTO COMPLETO DE LA SENTENCIA
Enrique González Mora recurre mediante recurso apelativo de la sentencia dictada el 3 de octubre de 1995 por el Tribunal de Primera Instancia, Sala Superior de Caguas, que luego de encontrarle culpable le impuso la pena de un (1) año bajo el régimen de sentencia suspendida.
Perfeccionado el recurso y evaluados los escritos de las partes, los autos originales, la transcripción de la prueba testifical y examinada toda la prueba documental, resolvemos confirmar la sentencia apelada. Veamos los hechos que originan la controversia ante nos.
I
El Ministerio Público presentó acusación contra el apelante Enrique González Mora, por el delito de Homicidio Involuntario por hechos ocurridos el 7 de mayo de 1994 mientras conducía su vehículo de motor. En específico alegó que mientras el apelante conducía su vehículo, una guagua Nissan Pathfinder de 1990, conforme reza la acusación, con tal descuido, negligencia criminal, demostrando un absoluto menosprecio de la seguridad de los demás, a una velocidad exagerada, hizo un cambio de carril sin tomar las debidas precauciones de Ley, impactando al vehículo de motor marca Nissan Sentra de 1986, que era conducido por Ramón Zavala Alejandro, lo que le ocasionó la muerte posteriormente.
Ventilado el juicio por Tribunal de Derecho, el tribunal le declaró culpable del delito imputado.
Inconforme recurre ante nos. Sus señalamientos de error discutidos en su posterior alegato, se reducen a cuestionar la suficiencia de la prueba para encontrarle culpable más allá de duda razonable. 
Surge de la transcripción de evidencia que la mujer policía Joely Vicente Cruz el día de los hechos realizaba funciones de patrullera. Cuando se disponía a tomar servicio como a las 11:45 de la mañana, le indicaron de un accidente de tránsito en el kilómetro 13.8 en dirección de Caguas a Las Piedras. (T.E., pág. 20). Declaró que el límite de velocidad es de 55 millas por hora. Al llegar al lugar del accidente había personal médico dándole los primeros auxilios al conductor del Nissan Sentra (occiso), "tratando de sacarlo del vehículo para llevarlo al hospital". El otro vehículo envuelto en el accidente era una guagua Pathfinder negra. El conductor no se encontraba en el vehículo. "Preguntó quién iba conduciendo el vehículo y el joven (el apelante Enrique González Mora) [le] indica que es él." (T.E., pág. 22). Lo entrevistó y le preguntó "que es lo que pasó." El apelante le ofreció la siguiente versión: "Que él viene transitando en dirección de Caguas hacia Las Piedras por el carril de la extrema izquierda. Que frente de él viene un vehículo pesado y él quiere rebasarle al vehículo pesado porque está botando piedra o arena que está cayendo en el vehículo de él. Para rebasarle, pues va a utilizar el carril de la derecha, hacer un cambio de carril. Al hacer el cambio de carril, pues, se encuentra que el vehículo Nissan rojo, pues, va a la par con el vehículo pesado y lo impacta con toda la parte delantera de la Pathfinder, la parte posterior del vehículo rojo." (T.E., pág. 23). El vehículo del apelante dio vueltas y se desplazó a la isleta central. El vehículo en que viajaba la víctima quedó en el lado derecho del paseo. (T.E., pág. 24).
Posteriormente, otro policía le informó sobre el fallecimiento del conductor.
Esta procedió a Informárselo al apelante, le leyó las advertencias y procedió a enviarlo a hacer la prueba de aliento, la cual arrojó negativo del uso de alcohol. (T.E., pág. 25).
Las fotos del lugar del accidente fueron admitidas en evidencia por estipulación de las *1074 partes. En una de ellas se podía apreciar las marcas de frenos en el área del paseo. En esa misma foto, pero al fondo, se podía ver el auto rojo del señor Zavala. (Exh. 2-A.) La foto 2-F ilustraba cómo habían quedado los vehículos. En otra foto se apreciaba el impacto trasero del ■ auto rojo. La guagua estaba impactada en toda el áreá delantera. (T.E., pág. 26.) La foto 2-Z reflejaba el cuerpo sin vida del señor Ramón Zavala.
La agente Joely Vicente preparó un croquis de la escena y éste también fue admitido en evidencia por estipulación de las partes. La agente le enseñó al tribunal las marcas de frenos que se encontraron junto al "debris". Entre estas marcas y el lugar donde quedó el auto rojo había una distancia de 86 pies. (T.E., pág. 30.) Entre el lugar en que quedó la guagua y el lugar en que quedó el auto del occiso había una distancia que fluctuaba entre los 33 a los 44 pies. (T.E., pág. 30.) El ancho de los dos (2) carriles era de 23 pies. (T.E., pág. 30.).
La testigo declaró que habían marcas de frenos en forma recta y en forma circular. (T.E., pág. 32.),
La agente Vicente Cruz concluyó diciendo que, según su investigación y lo observádo-en la escena, el apelante impactó el vehículo rojo porque hizo un cambio de carril y no guardó una distancia adecuada (T.E., pág. 32.) Según la testigo, el apelante debió haber guardado una distancia de 5 a 6 vehículos. (T.E., pág. 33).
La defensa presentó en evidencia el informe preparado por la agente Joely Vicente Cruz y la declaración jurada de ésta.
Con esta prueba el juzgador de los hechos declaró culpable al apelante, de homicidio involuntario.
Es de este dictamen que se recurre ante nos.
n
El delito de homicidio involuntario imputado al apelante, está tipificado en el Artículo 86 i del Código Penal de Puerto Rico, 33 L.P.R.A. 4005. El mismo dispone qué: ,

"Toda persona que obrando con negligencia o que al realizar un acto ilegal que no constituye delito grave, ocasionara la muerte a otra, será sancionada con pena de reclusión por un término fijo de un (1) año y ocho (8) meses.

Cuando el homicidio involuntario se cometa por una persona al conducir un vehículo de motor, se le impondrá pena de reclusión por un término fijo de un (1) año."
El delito puede cometerse en dos modalidades: (1) causar la muerte de otra persona como resultado de un acto u omisión negligente, y (2) ocasionar la muerte de otra persona como resultado de un acto constitutivo de delito menos grave. Pueblo v. Nazario Hernández, 95 J.T.S. 90; Pueblo v. Ruiz Ramos, 125 D.P.R. 365 (1990).
El homicidio involuntario por negligencia solamente requiere que se haya causado la muerte de un ser humano mediante un acto u omisión negligente, es decir, por dejar de hacer lo exigido al hombre prudente y razonable en circunstancias similares. Pueblo v. Ruiz Ramos, supra. Pueblo v. Rivera Rivera, 123 D.P.R. 739 (1989). En otras palabras, la negligencia que aquí se hace referencia es aquella conducta que se aleja del cuidado, atención, circunspección, pericia y observancia de la ley, que se espera de una persona prudente y razonable en igualdad de circunstancias. José A. Reyes v. Policía de Puerto Rico, 91 J.T.S. 58; Pueblo v. *1075 Rivera Rivera, supra.
Se pueden identificar los siguientes requisitos propios de la negligencia criminal o culpa: (1) una acción u omisión voluntaria, pero no intencional, (2) ejecutada sin tomar las precauciones necesarias para evitar resultados perjudiciales, o al violar una ley o reglamento; (3) que el resultado dañoso sea previsible para el sujeto activo, aunque no querido. Dora Nevares Muñoz, Código Penal de Puerto Rico, Instituto para el Desarrollo del Derecho, Inc. (1993).
III
La prueba que desfiló en instancia, conforme se recoge en la transcripción de evidencia, demuestra que el apelante cambió de carril para rebasar el camión que tenía frente. Al hacerlo, impactó el vehículo del señor Zavala, que iba a la par con el camión. El impacto fue tal que desplazó el auto impactado unos 86 pies. El apelante perdió el control de su vehículo, dio vueltas y desde el carril de la izquierda se desplazó a la isleta central.
La contención del apelante de que esta carretera es de un sólo carril está refutada por la prueba documental. Hemos examinado con detenimiento todas las fotografías que obran en los autos, las cuales fueron admitidas en evidencia. Observamos que por la carretera circundan dos líneas de autos en una dirección y dos en dirección contraria. Están divididas por una isleta ancha.
"En el juzgar, el sentido común tiene un papel preponderante". Si la carretera era de un sólo carril, ¿cómo podía el apelante, conforme admitió a la mujer policía, cambiar del carril izquierdo al derecho para rebasar un camión? Véase declaración jurada de la mujer policía Vicente, (Exhibit II de la defensa.)
Las fotos admitidas en evidencia demuestran, además, que el vehículo donde viajaba la víctima fue impactado violentamente por la parte trasera, la cual quedó totalmente destrozada y pegada a la parte delantera por la fuerza del impacto.
El señor Zavala murió a causa de un severo trauma corporal que le laceró la aorta torácica, contusión en los pulmones, hígado y riñón, entre otros.
IV
La presunción de inocencia es un principio de nuestro ordenamiento jurídico penal. En virtud de este principio se impone al estado el peso de la prueba de demostrar la culpabilidad de todo acusado más allá de duda razonable, Constitución del Estado Libre Asociado de Puerto Rico, Artículo II, Sección 11.
Por otro lado, la Regla 110 de las de Procedimiento Criminal de 1963, en lo pertinente, dispone: "[e]n todo procedimiento criminal, se presumirá inocente al acusado mientras no se pruebe lo contrario, y en caso de existir duda razonable acerca de su culpabilidad, se le absolverá...". Reglas de Procedimiento Criminal, 34 L.P.R.A., Ap. II, R.l 10.
Ahora bien, el Ministerio Público no tiene que probar la culpabilidad del acusado con certeza matemática y libre de toda duda. Se requiere que su prueba sobre todos los elementos del delito sea suficiente en derecho. Es decir, la evidencia presentada tiene que ser satisfactoria; que produzca certeza o convicción moral en una conciencia exenta de preocupación o en un estado de ánimo no prevenido. Pueblo v. Cabán Torres, 117 D.P.R. 645 (1986). No puede ser, pues, la duda razonable, una duda imaginaria o especulativa. Pueblo v. Bigio Pastrana, 116 D.P.R. 748 (1985).
La apreciación que hace un juzgador de la evidencia desfilada durante un proceso criminal *1076 es una cuestión mixta de hecho y derecho, y como tal, es revisable en apelación como cuestión de derecho. No obstante, es norma jurisprudencial conocida y establecida que la determinación de culpabilidad que hace el juzgador de los hechos en. instancia es„merecedora de gran deferencia por parte del tribunal apelativo, ya que fue aquél el que oyó y vio declarar a los testigos. Es por ello, que en ausencia de pasión, prejuicio o error manifiesto en la apreciación de la prueba, el tribunal apelativo no intervendrá con el veredicto condenatorio emitido por un jurado o el fallo inculpatorio de un magistrado. Pueblo v. Cabán Torres, supra.
El examen de la prueba que hemos realizado no produce en nuestro ánimo el tipo de insatisfacción o intranquilidad de conciencia que ha llevado a nuestro Tribunal Supremo, por excepción, a revocar dictámenes condenatorios.
La prueba que desfiló en este caso fue suficiente en derecho para sostener la convicción del acusado. En consecuencia, se confirma la sentencia recurrida.
Notifíquese.
Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 98 DTA 87
1. Hon. Carmen Vargas Medina, J.
2. El Procurador General presentó su escrito el 7 de noviembre de 1997.
3. "A. Erró el Honorable Tribunal al encontrar culpable al compareciente de epígrafe de delito imputado sin que desfilara prueba de dos elementos constitutivos del delito dado que no desfiló prueba alguna que el mismo conduciera el vehículo a una velocidad exagerada y tampoco hubo prueba de que se realizara un cambio de carril sin tomar las debidas precauciones de ley.

B. Erró el Honorable Tribunal al encontrar culpable más allá de duda razonable al aquí compareciente dado la prueba que presentó el Ministerio Público."

4. Villanueva v. Hernández Class, 91 J.T.S. 58, pág. 8703, Opinión concurrente y de conformidad del Juez Negrón García.